IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CLINTON CHUKWUDI UCHENDU,<br><br>　　　　Defendants. | **MEMORANDUM DECISION & ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT THREE FOR VAGUENESS**<br><br>Case No. 2:22-cr-00160-JNP-2<br><br>District Judge Jill N. Parrish |

Before the court is the motion of Defendant Clinton Chukwudi Uchendu ("Mr. Uchendu") to dismiss Count Three of the Third Superseding Indictment for vagueness. ECF No. 148 ("Motion" or "Mot."). Having considered the parties' arguments and memoranda on the issue, as well as the relevant law, the court **DENIES** Mr. Uchendu's Motion.

## BACKGROUND

On May 4, 2022, a grand jury indicted Princess Eziyi for 18 U.S.C. § 1956(h) conspiracy to commit money laundering and 18 U.S.C. § 1341 mail fraud. ECF No. 5. On May 25, 2022, the United States of America ("Government") filed a Superseding Indictment, adding Mr. Uchendu as a codefendant. *See* ECF No. 6. On June 21, 2023, the Government filed a Second Superseding Indictment, ECF No. 76, adding a third count against Mr. Uchendu under 18 U.S.C. § 1960 for "knowingly conduct[ing], control[ling], manag[ing], supervis[ing], direct[ing] or own[ing] all or part of an unlicensed money transmitting business without registering that business as required by 31 U.S.C. § 5330." *Id.* at 10. On August 30, 2023, the Government filed a Third Superseding Indictment. ECF No. 102 ("Third Superseding Indictment").

Through the Motion now before this court, Mr. Uchendu moves to dismiss Count Three of the Third Superseding Indictment as unconstitutionally vague under the Due Process Clause of the Fifth Amendment.

## LEGAL STANDARD

In reviewing a pretrial motion to dismiss, the court accepts all well-pleaded factual allegations in the indictment as true and makes all reasonable inferences of fact from the indictment in the light most favorable to the Government. *See United States v. Sampson*, 371 U.S. 75, 78–79 (1962); *United States v. Jeronimo-Bautista*, 425 F.3d 1266, 1267 (10th Cir. 2005).

## ANALYSIS

### I.  The Void-for-Vagueness Doctrine

The Due Process Clause of the Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty or property, without due process of law." The void-for-vagueness doctrine, in the criminal context, recognizes "that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015).

Accordingly, "a court may find a statute unconstitutionally vague 'for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement.'" *Wyoming Gun Owners v. Gray*, 83 F.4th 1224, 1233 (10th Cir. 2023) (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)).

In assessing a vagueness challenge, "courts begin with the presumption that the statute [in question] comports with the requirements of federal due process and 'must be upheld unless

satisfied beyond all reasonable doubt that the legislature went beyond the confines of the Constitution.'" *United States v. Welch*, 327 F.3d 1081, 1094 (10th Cir. 2003) (quoting *United States v. LaHue*, 261 F.3d 993, 1004 (10th Cir. 2001)).[1]

## II. Mr. Uchendu's Vagueness Challenge to § 1960

In his Motion, Mr. Uchendu argues that 18 U.S.C. § 1960, the basis for Count Three of the Third Superseding Indictment, is unconstitutionally vague. Section 1960(a) prohibits "knowingly conduct[ing], control[ing], manag[ing], supervis[ing], direct[ing], or own[ing] all or part of an unlicensed money transmitting business." Mr. Uchendu argues that the definitions of "unlicensed money transmitting business"[2] and "money transmitting"[3] provided by section 1960(b) are "so broad, undefined and vague, that they fail to give proper notice." Mot. at 2. Additionally, Mr. Uchendu takes issue with the term "on behalf of the public," contained in the definition of "money

---

[1] Moreover, "[t]he Constitution does not . . . impose impossible standards of specificity, and courts should remain ever mindful that general statements of the law are not inherently incapable of giving fair and clear warning." *Sperry v. McKune*, 445 F.3d 1268, 1271 (10th Cir. 2006) (internal quotation marks and citation omitted).

[2] Under the statute,

> the term 'unlicensed money transmitting business' means a money transmitting business which affects interstate or foreign commerce in any manner or degree and (A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under state law . . . (B) fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code . . . or (C) otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity[.]"

18 U.S.C. § 1960(b)(1).

[3] Under the statute, "the term 'money transmitting' includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier[.]" 18 U.S.C. § 1960(b)(2).

transmitting," arguing that its vagueness has allowed district courts to "make up their own definitions without genuine consideration of text and original intent." *Id*.

Mr. Uchendu's Motion does not expressly state whether his challenge to the statute for vagueness is raised on the face of the statute or as it is applied to him. But Mr. Uchendu could only attack the statute as unconstitutionally vague on its face, if at all, *after* demonstrating that it is unconstitutional as applied to him. *United States v. Morales-Lopez*, __ F.4th __, 2024 U.S. App. LEXIS 3051, at *6-7 (10th Cir. Feb. 9, 2024) ("Addressing Defendant's facial challenge first, we observe that for over a century federal courts have adjudicated challenges to the constitutionality of penal statutes by relying on the general rule that a defendant to whose conduct a statute clearly applies may not pose a facial challenge to the statute."); *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973) ("Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court."); *accord United States v. Lanier*, 520 U.S. 259, 267 (1997).

This court can only undertake the "sensitive and fact intensive" analysis of whether or not the statute applies to Mr. Uchendu's conduct "based [] on the facts as they emerge at trial." *United States v. Reed*, 114 F.3d 1067, 1070 (10th Cir. 1997). Rule 12 authorizes district courts to resolve only those motions "that the court can determine *without a trial on the merits*." FED R. CRIM. P. 12(b)(1) (emphasis added); *see also United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010). "If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *Pope*, 613 F.3d at 1259 (emphasis in original).

4

Because a motion to dismiss premised upon an as-applied vagueness challenge is certainly a motion that would benefit from fact development at trial, *Reed*, 114 F.3d at 1070 (holding that the defendant's as-applied vagueness challenge "should be based only on the facts as they emerge at trial"); *accord Pope*, 613 F.3d at 1261 (finding the "who, what, where, when, why and how" necessary to assess the defendant's as-applied Second Amendment challenge), resolution of this issue is inappropriate at this juncture.

## CONCLUSION & ORDER

For the foregoing reasons, Mr. Uchendu's Motion to Dismiss Count Three as Void for Vagueness in Violation of the Due Process Clause, ECF No. 148, is hereby **DENIED**.

DATED February 23, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge
